UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:15-cr-5-RLY-CMM-05 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| EVA BUCK | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☒ FACTORS CONSIDERED: In 2016, Defendant was sentenced to 240 months in prison after she pled guilty to conspiracy to possess with the intent to distribute and to distribute 500 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. *United States v. Buck*, No. 3:15-cr-05-RLY-CMM-5, Dkt. 276. During the course of the prosecution, the United States filed an Information under 21 U.S.C. § 851 alleging that Defendant had previously been convicted of a felony drug offense. Dkt. 190. As a result, under the law as it existed at the time, the 240-month sentence she received was the mandatory minimum sentence that the Court could have imposed. 21 U.S.C. § 841(b)(1)(A)(vii) (eff. Aug. 3, 2010 to Dec. 20, 2018).

Several years later, Defendant filed a motion for compassionate release under § 603 of the First Step Act, which is codified at 18 U.S.C. § 3582(c)(1)(A), arguing that "extraordinary and compelling reasons" warranted relief under § 3582(c)(1)(A) because she suffers from various medical conditions that increase her risk of experiencing severe symptoms if she contracts COVID-

19. The Court denied that motion on July 29, 2021, finding that she could not show extraordinary and compelling reasons warranting relief because she was fully vaccinated against COVID-19 and that the sentencing factors in 18 U.S.C. § 3553(a) did not favor release. Dkt. 480. About a month later, Defendant filed a motion asking the Court to reconsider its ruling. The Court denied that motion on October 27, 2021. Dkt. 486. Less than three months later, Defendant filed another motion for compassionate release, again relying on the risk she faced from the COVID-19 pandemic. The Court summarily denied that motion on January 24, 2022. Dkt. 502.

Less than six months have passed since that denial, and Defendant has now moved for relief under § 3582(c)(1)(A) for a third time. The Court concludes that it can resolve Defendant's motion without a response from the United States.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

In her current motion, Defendant has dropped her reliance on the COVID-19 pandemic.[1] Instead, she now argues that extraordinary and compelling reasons support a sentence reduction

---

[1] On the last page of her motion, Defendant states, "And as the Court is aware, Movant . . . is at increased risk to serious illness and possibly death from COVID. And she is at higher risk based upon a compromised immune system." Dkt. 511 at 20. The Court does not understand this to be an argument that COVID-19 risk is an extraordinary and compelling reason to reduce Defendant's sentence. To the extent it is,

because subsequent developments in Indiana state criminal law and a non-retroactive change to her statute of conviction mean that, if she were sentenced today, she would not face a 240-month mandatory minimum sentence and would likely receive a shorter sentence. Dkt. 511.

Seventh Circuit precedent holds to the contrary. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)); *see also United States v. Carr*, No. 21-3108, 2022 WL 1421441, at *1 (7th Cir. May 5, 2022) ("Changes in sentencing law are not extraordinary and compelling reasons for compassionate release."); *United States v. Herbert*, No. 21-3321, 2022 WL 1791964, at *2 (7th Cir. June 2, 2022) (non-retroactive changes to the guidelines are not grounds for compassionate release); *United States v. Watts*, No. 21-2867, 2022 WL 2208517, at *1 (7th Cir. June 21, 2022) (The court "lack[s] discretion under § 3582(c)(1)(A)(i) to reduce a statutory-minimum sentence asserted to be unfairly long. The appropriate path for prisoners to contest the length of their sentences is set forth in 28 U.S.C. § 2255.") (internal citation omitted). But Defendant claims that such precedent was recently overruled by the United States Supreme Court in *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022), which held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." Thus, she invites the Court to find an extraordinary and compelling reason for a sentence reduction based on the fact that she would likely receive a shorter sentence if sentenced today.

Defendant's argument is not well-taken. *Concepcion* addressed a different portion of the First Step Act—§ 404, which allows a district court to resentence a defendant in certain situations. It has

---

the Court has repeatedly rejected this argument and informed Defendant that—because she is fully vaccinated—she cannot show extraordinary and compelling reasons for a sentence reduction under § 3582(c)(1)(A) unless she comes forward with evidence that she cannot receive or benefit from the COVID-19 vaccine, which she has not done. *See, e.g.*, dkt. 502 at 1–2 (discussing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)).

no bearing on Defendant's motion, which falls under § 603 of the Act. As recently explained by the Seventh Circuit in a binding opinion:

> That the First Step Act did multiple things—lowering sentences for some cocaine cases, enabling prisoners to seek compassionate release on their own motions, and more—does not mean that every decision about any aspect of the First Step Act applies to every potential question under that statute. The First Step Act did not create or modify the "extraordinary and compelling reasons" threshold for eligibility; it just added prisoners to the list of persons who may file motions. We take the Supreme Court at its word that *Concepcion* is about matters that district judges may consider when they resentence defendants. So understood, *Concepcion* is irrelevant to the threshold question whether any given prisoner has established an "extraordinary and compelling reason for release."

*United States v. King*, No. 21-3196, __ F.4th __, 2022 WL 2663277, at *7 (7th Cir. July 11, 2022). As a result, the Seventh Circuit reiterated that "[t]here's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal of collateral review under 28 U.S.C. § 2255." *Id.* at *1. Thus, under controlling Seventh Circuit precedent, Defendant cannot establish extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A) based on changes in Indiana caselaw or her statute of conviction, even if those changes mean that Defendant might receive a shorter sentence if she were sentenced today.

To the extent that Defendant also argues that she can establish extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A) because other courts do not follow this rule, thereby creating a sentencing disparity, her motion also fails. This Court is bound to apply binding Seventh Circuit precedent. Moreover, the fact that different courts apply different legal standards is not "extraordinary." Instead, it is the "ordinary business of the legal system." *King*, 2022 WL 2663277, at *1.

To the extent that Defendant argues that her rehabilitation constitutes an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A)(i), the Seventh Circuit recently held in a precedential opinion that "[w]e cannot read § 3582(c) to permit good prison conduct and

rehabilitation alone to override Congress's determinate sentencing scheme." *United States v. Peoples*, No. 21-2630, __ F.4th __, 2022 WL 2825834, at *4 (7th Cir. July 20, 2022).

In short, Defendant has not established an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A). Accordingly, her motion for sentence reduction, dkt. [511], is **denied**. For the same reasons, the Court concludes that the interests of justice do not support appointing counsel to represent Defendant, and her request for counsel is **denied**, as is her request for oral argument.

IT IS SO ORDERED.

Dated:  7/26/2022

                                      RICHARD L. YOUNG, JUDGE
                                      United States District Court
                                      Southern District of Indiana

Distribution:

Eva Gail Buck
Reg. No. 12576-028
FCI Greenville
Federal Correctional Institution
Satellite Camp
P.O. Box 6000
Greenville, IL 62246

All Electronically Registered Counsel